**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| POLARIS RENEWAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| FAYETTE COUNTY and THE FAYETTE | ) | |
| COUNTY ZONING HEARING BOARD, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Polaris Renewal Services, Inc., by and through its undersigned counsel, files this Complaint against Defendants Fayette County and the Fayette County Zoning Hearing Board and states as follows:

### Parties

1.    Plaintiff Polaris Renewal Services, Inc. ("Plaintiff" or "Polaris") is a corporation organized and operating under the laws of the Commonwealth of Pennsylvania with an office located at 2501 West Chestnut Street, Washington, PA 15301.

2.    Defendant Fayette County is a political subdivision of Pennsylvania and has a principal place of business located at 61 East Main Street, Uniontown, PA 15401.

3.    Fayette County is charged with the duty of enacting and adopting zoning provisions to be incorporated into the Fayette County Zoning Ordinance (the "Ordinance").

4.    Defendant The Fayette County Zoning Hearing Board (the "Hearing Board") considers, *inter alia*, petitions for special exceptions pursuant to the Ordinance and has a principal place of business located at 61 East Main Street, Uniontown, PA 15401.

**Jurisdiction and Venue**

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

6.     Venue lies in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b).

**Factual Background and Procedural History**

7.     Polaris seeks to operate a medical clinic offering methadone maintenance treatment ("MMT"), among other treatments, at 3591 Pittsburgh Road, Perry Township, Fayette County, Pennsylvania (the "Subject Property").

8.     MMT has been proven a safe and effective means to help individuals medically overcome addiction to heroin, opium and opiate-based prescriptions.

9.     The Subject Property previously served as a medical office.

10.    The Subject Property is located in a B-1 (General Business) Zoning District pursuant to the Ordinance and the Fayette County Zoning Map.

11.    The Ordinance permits the operation of methadone treatment facilities in all B-1 Zoning Districts throughout Fayette County; provided that the applicant meets the specific requirements set forth in Section 1000-846 of the Ordinance and obtains a special exception.

12.    Section 1000-846 of the Ordinance, entitled "Methadone treatment facility," provides as follows:

> A methadone treatment facility shall be a permitted special exception subject to the following conditions and/or standards.
>
> A.   The facility shall not be established or operated within one thousand (1,000) feet of an existing school, public playground, public park, residence, child-care facility, hospital, nursing home, place of worship or place of assembly established prior to the proposed methadone treatment facility unless, by majority vote, the Zoning Hearing Board votes in favor of the issuance of an

occupancy permit or certificate of use. One (1) or more public hearings regarding the proposed facility location shall be held within the County following public notice. All property owners located within five hundred (500) feet of the proposed location shall be provided written notice of said public hearings at least thirty (30) days prior to said public hearings occurring. The petitioner shall be responsible for obtaining adjacent property owner list at time of application.

B.   The facility shall not be established or operated within three hundred (300) feet of an existing bar, nightclub, private club or liquor store.

C.   Side and rear bufferyards shall be a minimum of twenty-five (25) in width and should be planted with a combination of deciduous and evergreen trees, shrubs, ornamental grasses and groundcovers.

D.   Grass, sod, lawn or turf shall not be considered an acceptable plant for use within landscaped bufferyards.

E.   Facilities, equipment and professional staff to support overnight boarding shall be permitted.

F.   The Zoning Hearing Board may attach additional conditions pursuant to this section, in order to protect the public's health, safety, and welfare. These conditions may include but are not limited to increased setbacks.

13.     The Ordinance requires that all requests for special exceptions be reviewed and determined by the Hearing Board.

14.     At all times relevant to the matters complained of herein, the owner of the Subject Property, LLS Realty, LLC ("LLS"), leased the Subject Property to Polaris.

15.     On or about July 2, 2009, LLS submitted an application to Fayette County for the grant of a special exception to allow the operation of a medical clinic offering MMT on the Subject Property.

16.     Hearings were held on LLS's special exception request before the Hearing Board on August 28, 2009 and November 18, 2009.

17.    On November 30, 2009, the Hearing Board issued Resolution 09-28 denying LLS's special exception request.

18.    The Hearing Board stated that it denied LLS's special exception request because Section 1000-846 of the Ordinance mandates that a methadone treatment facility cannot be located within one-thousand feet of a residence.

19.    The Hearing Board also stated that it denied LLS's special exception request because LLS did not meet its burden of establishing that a methadone clinic will not adversely impact the health, safety, and welfare of the county residents and the surrounding area.

20.    The Hearing Board's decision to deny LLS's special exception request on the grounds that the clinic would adversely impact health, safety and welfare was, in reality, based on unfounded and irrational stereotypes and prejudices with respect to individuals who are disabled and suffering from a drug addiction, or recovering from a drug addiction.

21.    On March 25, 2010, LLS filed a complaint in federal court against Defendants and asserted that the adoption, enactment, and application of Ordinance Section 1000-846 was illegal and improper because such a provision, as well as the application thereof, discriminated against individuals with a disability in contravention of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act.

22.    On September 28, 2010, LLS and Defendants reached an amicable resolution that allowed LLS to proceed with its plans for the Subject Property.

23.    Defendants' illegal adoption and enforcement of the Ordinance caused a significant delay in the redevelopment of the Subject Property.

24.     In particular, the delay has prevented Polaris from becoming a registered provider under Fayette County's mandatory managed care program for Medical Assistance recipients.

25.     By way of further explanation, at the time that LLS applied for a special exception, Fayette County's network of approved behavioral health providers was open to new providers like Polaris.

26.     Polaris expected to become a part of Fayette County's provider network because a substantial majority of the patients that are likely to seek treatment from Polaris receive Medical Assistance for their behavioral healthcare needs.

27.     After Defendants approved the proposed use, Polaris diligently proceeded to obtain the approvals, permits and/or licenses required to operate a medical clinic offering MMT on the Subject Property.

28.     In or around the first half of 2011, before Polaris had obtained all the necessary approvals, permits and/or licenses, Fayette County closed its Medical Assistance behavioral health network to new providers.

29.     Thus, as the sole and proximate result of the delays caused by Defendants' illegal adoption and enforcement of the Ordinance, Polaris has been deprived of the ability to service the vast majority of its potential customer base.

30.     Upon information and believe, there is a substantial need for additional providers of MMT in the county.

31.     Fayette County has no compelling reason to close its network to additional providers of MMT.

32.     Defendants' unconstitutional enforcement of the Ordinance has deprived Polaris of its right to operate a medical clinic offering MMT in contravention of its right to due process under the Fourteenth Amendment to the United States Constitution.

33.     Defendants' adoption and enforcement of the Ordinance is based upon discriminatory animus toward individuals who are disabled and suffering from a drug addiction, or recovering from a drug addiction, in contravention of several anti-discrimination provisions of the United States Code.

34.     At all times relevant to this action, Fayette County and the Hearing Board acted under color of state law.

## COUNT I

### Violations of the Fourteenth Amendment to the United States Constitution by Defendants Fayette County and The Fayette County Zoning Hearing Board

35.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 34 as if the same were fully set forth at length herein.

36.     This claim is brought pursuant to 42 U.S.C. § 1983.

37.     The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides: "No state shall deprive any person of life, liberty, or property, without due process of law."

38.     Polaris, as the tenant of the Subject Property, has an inherent property right to use the Subject Property in any manner it desires provided that such use does not violate any law or any *valid* zoning provision.

39.     Defendants' adoption and enactment of Section 1000-846 of the Ordinance violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it was adopted implemented for the explicit purpose of discriminating against

individuals who are disabled and suffering from a drug addiction, or recovering from a drug addiction, and premised upon unfounded and irrational stereotypes and prejudices.

40.    Accordingly, Defendants' decision to adopt and implement Section 1000-846 of the Ordinance was both arbitrary and irrational.

41.    The improper adoption and implementation of Section 1000-846 of the Ordinance has deprived and is currently depriving Polaris of its right to use the Subject Property as a methadone treatment facility.

42.    As a direct result of Defendants' illegal and invalid adoption and enforcement of the Ordinance, Polaris has been permanently deprived of its right to use the Subject Property to operate a methadone treatment facility.

## COUNT II

### Violations of the Rehabilitation Act by Defendants
### Fayette County and The Fayette County Zoning Hearing Board

43.    Plaintiff incorporates by reference the allegations in Paragraphs 1 through 42 as if the same were fully set forth at length herein.

44.    The Rehabilitation Act prohibits discrimination against persons with disabilities by any entity that receives federal financial assistance: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

45.    The Rehabilitation Act specifically recognizes as handicapped those individuals with a drug addiction who are "participating in a supervised rehabilitation program and [are] no longer engaging in [the illegal use of drugs]." 29 U.S.C. § 705(20)(C)(ii)(II).

46.     Because the Rehabilitation Act broadly defines "program or activity" to include "all of the operations of" a qualifying local government, zoning enactments and zoning enforcement activities are "covered activities" within the ambit of the Rehabilitation Act.  29 U.S.C. § 794(b)(1)(A).

47.     Polaris is entitled to seek enforcement of the provisions of the Rehabilitation Act. 29 U.S.C. § 794a(a)(2).

48.     The adoption and enactment of Section 1000-846 of the Ordinance by Fayette County and the Hearing Board violates the Rehabilitation Act because the provision discriminates against individuals who are disabled and suffering from a drug addiction, or recovering from a drug addiction, by treating those individuals distinctly different for purposes of medical treatment than all other individuals residing in the county.

49.     The Hearing Board's decision to deny the special exception request pursuant to Section 1000-846 of the Ordinance violates the Rehabilitation Act because the decision was based on unfounded and irrational stereotypes and prejudices with respect to individuals who are disabled and suffering from a drug addiction, or recovering from a drug addiction.

50.     Due to Defendants' unlawful adoption, enactment and application of a discriminatory Ordinance provision, Polaris has suffered damages.  Polaris has been forced to expend time and resources and has lost opportunity costs by being denied the ability to conduct its business.

### COUNT III

**Violations of the Americans with Disabilities Act by Defendants
Fayette County and The Fayette County Zoning Hearing Board**

51.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 50 as if the same were fully set forth at length herein.

52.    Fayette County and the Hearing Board are qualifying public entities within the meaning of the Americans with Disabilities Act ("ADA").  42 U.S.C. § 12131(1)(A), (B).

53.    The ADA contains a general prohibition against discrimination on the basis of disabilities by public entities: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

54.    The regulations implementing the ADA, promulgated by the Department of Justice, state that the ADA applies to "all services, programs, and activities provided or made available by public entities."  28 C.F.R. § 35.102(a).

55.    Because the ADA regulations broadly define the term "activities," zoning enactments and zoning enforcement activities are covered activities of public entities within the meaning of the ADA.

56.    Polaris is qualified to seek enforcement of the provisions of the ADA.  42 U.S.C. § 12133.

57.    The adoption and enactment of Section 1000-846 of the Ordinance by Fayette County and the Hearing Board violates the ADA because the provision discriminates against individuals who are disabled and suffering from a drug addiction, or recovering from a drug addiction, by treating those individuals distinctly different for purposes of medical treatment than all other individuals residing in the county.

58.    The Hearing Board's decision to deny the special exception request pursuant to Section 1000-846 of the Ordinance violates the ADA because the decision was based on

unfounded and irrational stereotypes and prejudices with respect to individuals who are disabled and suffering from a drug addiction, or recovering from a drug addiction.

59.     Due to Defendants' adoption, enactment and application of a discriminatory Ordinance provision, Polaris has suffered damages.  Polaris has been forced to expend time and resources and has lost opportunity costs by being denied the ability to conduct its business.

WHEREFORE, Plaintiff Polaris Realty, LLC requests that this Court order compensatory damages, future damages, incidental damages, cost of suit, attorneys' fees, and any such other relief that this Court deems just and appropriate.

Date: March 12, 2012                    Respectfully submitted,

                                        MEYER, UNKOVIC & SCOTT LLP

                                        By: _/s/ Chad I. Michaelson_____
                                                Chad I. Michaelson
                                                Pa. I.D. # 88725
                                                cim@muslaw.com
                                                Nicholas J. Bell
                                                PA I.D. # 307782
                                                njb@muslaw.com

                                        Henry W. Oliver Building
                                        535 Smithfield Street, Suite 1300
                                        Pittsburgh, PA  15222-2315
                                        (412) 456-2800

                                        ATTORNEYS FOR PLAINTIFF POLARIS
                                        RENEWAL SERVICES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has, this 12th day of March, 2012, served the persons listed below with a copy of the foregoing Complaint via the Court's electronic transmission facilities.

MEYER, UNKOVIC & SCOTT, LLP

By: _/s/ Chad I. Michaelson_
      Chad I. Michaelson

ATTORNEYS FOR PLAINTIFF POLARIS
RENEWAL SERVICES, INC.