IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POLARIS RENEWAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-301 |
| | ) | |
| FAYETTE COUNTY and THE FAYETTE COUNTY ZONING HEARING BOARD, | ) ) | Judge Cathy Bissoon |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I.    MEMORANDUM**

Pending before the Court is Defendants Fayette County and The Fayette County Zoning Hearing Board's Motion to Dismiss (Doc. 9). For the reasons stated herein, the Court will grant the motion.

**BACKGROUND**

**A.  Factual Background**

Plaintiff Polaris Renewal Services, Inc. sought to operate a medical clinic that offered methadone maintenance treatment ("MMT") at a location (the "Subject Property") in Fayette County, Pennsylvania. Compl. ¶ 7 (Doc. 1). The Subject Property is located in a B-1 (General Business) Zoning District pursuant to County Ordinance and the Fayette County Zoning Map. *Id.* at ¶¶ 9-10. LLS Realty, LLC ("LLS"), leased the Subject Property to Plaintiff at the time of the events alleged in the complaint. *Id.* at ¶ 14. The Ordinance permits the operation of MMT facilities in B-1 Zoning Districts provided that the applicant meets the requirements of Section 1000-846 of the Ordinance and obtains a special exception. *Id.* at ¶¶ 11-12.

On July 2, 2009, LLS submitted an application to Defendant Fayette County for the grant of a special exception for the operation of a MMT facility at the Subject Property. *Id.* at ¶ 15. On November 30, 2009,[1] the Hearing Board denied LLS's application. *Id.* at ¶¶ 17-19.

On March 25, 2010, LLS filed a complaint in federal court against Defendants, claiming that the adoption, enactment, and enforcement of Section 1000-846 of the Ordinance discriminated against individuals with a disability in contravention of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. *Id.* at ¶ 21. LLS and Defendants reached a resolution on September 28, 2010, allowing LLS to proceed with its plans for the Subject Property. *Id.* at ¶ 22.

Plaintiff next proceeded to obtain the approvals, permits, and licenses required to operate a medical clinic offering MMT at the Subject Property. *Id.* at ¶ 27. Sometime during the first half of 2011, while Plaintiff was still obtaining the necessary approvals, Defendant Fayette County closed its Medical Assistance behavioral health network to new providers. *Id.* at ¶ 28. Plaintiff thus alleges that as the sole and proximate result of the delays caused by Defendants' illegal adoption and enforcement of the Ordinance, Plaintiff has been deprived of the ability to service the majority of its potential customer base. *Id.* at ¶ 29.

B. **Procedural Background**

Plaintiff filed a complaint (Doc. 1) against Defendants on March 12, 2012. Plaintiff alleges that the adoption and enforcement of Section 1000-846 of the Ordinance was illegal and improper because it discriminates against individuals with a disability. *Id.* at ¶¶ 39, 48-49, 57-

---

[1] In Defendants' Brief in Support of their Motion to Dismiss, Defendants list the date as November 25, 2009, despite listing the date as November 30, 2009, in their Motion to Dismiss; the difference here is immaterial because the Court must look at the time alleged in the complaint.

58.  Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.  *Id*. ¶ 39.  Plaintiff also asserts claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), alleging that Defendants discriminated against individuals who are disabled and suffering or recovering from a drug addiction, in contravention of the aforementioned statutes.  *Id*. ¶¶ 48-49, 57-58.

Defendants filed a motion to dismiss (Doc. 9) the Complaint on May 2, 2012, arguing that all of Plaintiff's claims are untimely filed and barred by the applicable statutes of limitations, and that Plaintiff's substantive due process claim should be dismissed for failing to allege a protected property interest.  Defs.' Mot. to Dismiss ¶¶ 11-12 (Doc. 9).

**ANALYSIS**

In deciding a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff.  Phillips v. Cnty. Of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  To survive a motion to dismiss, the factual allegations in a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Accordingly, a limitations defense may be raised by motion under Rule 12(b)(6) only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).  Thus, the bar must be "apparent on the face of the complaint."  Bethel v. Jendoco Constr. Corp., 570 F.2d

1168, 1174 (3d Cir. 1978).  A court may not determine the statute of limitations defense at this stage by resolving a genuine disputed fact issue.  Hanna, 514 F.2d at 1095.

Here, there is no dispute that Defendant Fayette County Zoning Hearing Board denied LLS's application to use the Subject Property as a MMT facility on November 30, 2009.  Compl. ¶ 17 (Doc. 1); Defs'. Mot. to Dismiss ¶ 9 (Doc. 9).  Rather, the parties differ on whether Plaintiff's cause of action began to accrue on that date or in the first half of 2011, when Defendant Fayette County closed its Medical Assistance behavioral health network to new providers.  Pl.'s Br. at 5 (Doc. 11); Defs.' Br. at 10 (Doc. 10).

### A. Applicable Statute of Limitations for Plaintiff's § 1983, ADA, and RA Claims

A claim brought under Section 1983 is governed by the statute of limitations for personal injury claims within the applicable jurisdiction.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  In the Commonwealth of Pennsylvania, the statute of limitations for personal injury claims is two years.  42 Pa. C.S. § 5524(2).

Discrimination claims arising under Title II of the ADA, 42 U.S.C. § 12131 et seq., and Section 504 of the RA, 29 U.S.C. § 794, are also subject to Pennsylvania's two-year personal injury statute of limitations.  Disabled in Action of Pa. v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008) (applying Pennsylvania's two-year personal injury statute of limitations to ADA and RA claims).

### B. Date of Accrual

The date of accrual for federal claims is a matter of federal law.  Romero v. Allstate Corp., 404 F.3d 212, 221 (3d Cir. 2005).  Absent a Congressional directive to the contrary, the federal "discovery rule" determines when federal claims accrue for limitations purposes.  Id. at 222.  Under this formulation, a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the claim.  Id. (citing Union Pac.

R. Co. v. Beckham, 138 F.3d 325, 330 (3d Cir. 1997)). For discrimination claims, the proper focus "is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." Chardon v. Fernandez, 454 U.S. 6, 8 (1981).

Defendants assert that Plaintiff discovered the injury on November 30, 2009, when LLS's application for a special exception to operate a MMT facility was denied. Defs.' Mot. to Dismiss ¶ 9 (Doc. 9). Plaintiff claims that the injury did not occur and was not discoverable until the first half of 2011, when Plaintiff was denied the opportunity to join Defendant Fayette County's provider network.[2] Pl.'s Br. at 5 (Doc. 11).

In the instant case, the alleged discriminatory act occurred on November 30, 2009, when the Zoning Hearing Board denied LLS's application for a special exception to allow a MMT facility on the Subject Property pursuant to an allegedly unconstitutional Ordinance.[3] Compl. ¶ 17 (Doc. 1). It was also on this date that the alleged injury, denying Plaintiff's right to operate a MMT facility on the Subject Property, was discoverable. See Compl. ¶ 32-33. Plaintiff argues that it did not suffer an injury until it was denied the opportunity to join Defendant Fayette County's provider network in 2011, and that is when the claim accrued by the discovery rule standard. Pl.'s Br. at 5 (Doc. 11). This cannot be properly characterized as Plaintiff's injury resulting from the alleged discriminatory act that occurred November 30, 2009, but rather a consequence of that action. See Fernandez, 454 U.S. at 6-8 (finding the decision terminating plaintiffs for political reasons, communicated to them by letter months before their actual

---

[2] Plaintiff does not raise any equitable tolling issues.
[3] Plaintiff notes that it was not a party to the proceedings between LLS (Plaintiff's landlord) and the Zoning Board, and asserts that it was therefore not in a position to file suit against Defendants. Pl.'s Br. at 5 n.1. This assertion is unpersuasive. In a similar case, Sullivan v. City of Pittsburgh, 811 F.2d 171, 175-76 (3d Cir. 1987), Alcoholic Recovery Center, Inc. was permitted to intervene as a plaintiff because it had an interest in the property as a potential tenant and operator of recovery centers.

termination, constituted the discriminatory act for statute of limitations purposes, while the "fact of termination itself is not an illegal act").

Plaintiff does not allege that Defendant Fayette County's closing of their behavioral health network to new providers constituted an illegal act, but that "as a sole and proximate result of the delays caused by Defendants' illegal adoption and enforcement of the Ordinance, Polaris has been deprived of the ability to service the vast majority of its potential customer base." Compl. ¶ 29 (Doc. 1). The closing of the health network to new providers was simply another point where the consequences of the alleged discriminatory act of November 30, 2009, became painful to Plaintiff.

Because Plaintiff only claims that the enforcement of Section 1000-846 of the Ordinance constituted an illegal discriminatory act, the actual injury was the denial of Plaintiff's claimed right to operate a MMT facility at the Subject Property, and that injury occurred simultaneously with the enforcement of the Ordinance. Thus, the date of accrual for Plaintiff's claims was November 30, 2009, and Plaintiff's claims were untimely filed and barred by the two-year statutes of limitations.

As Defendants' motion is being decided on statute of limitations grounds, the Court declines to address the other issues raised by Defendants.

## CONCLUSION

For all of the reasons stated above, Defendants Fayette County and The Fayette County Zoning Hearing Board's Motion to Dismiss (Doc. 9) is GRANTED.

## II.   ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendants Fayette County and The Fayette County Zoning Hearing Board's Motion to Dismiss (Doc. 9) is **GRANTED**. Because amendment of time-barred claims would be futile, Plaintiff's claims are **DISMISSED**

7

**WITH PREJUDICE**.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give the plaintiff the opportunity to amend her complaint." (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)).

      **IT IS SO ORDERED**.

                                              s/ Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

June 8, 2012

cc (via e-mail):

All counsel of record.